UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:19-CR-00208-RGJ |
| JOSEPH SAMIR ZAKHARI | DEFENDANT |

**DEFENDANT ZAKHARI'S MOTION FOR
RETURN OF PROPERTY**

Investigators seized a number of electronic devices when they searched defendant Joseph Zakhari's home on October 8, 2019. Aside from one item, an Apple iPhone X, the devices are not contraband, forfeitable, or useful as exhibits in trial, and the government should be required to return them to Mr. Zakhari.

A person who is "aggrieved … by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A defendant may seek restoration of lawfully-seized property, *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995), and may secure this remedy even when the prosecution is still pending. *United States v. Chambers*, 192 F.3d 374, 377 (3rd Cir. 1999). The test for return of property is "reasonableness under all of the circumstances," the rule's drafters explained. *See* Rule 41,

advisory committee's note to 1989 amendment. Because the trial in this case has not yet happened, the burden of satisfying the reasonableness test is on Mr. Zakhari. *Chambers*, 192 F.3d at 374. As applied here, the test favors Mr. Zakhari if he can demonstrate that the property at issue is not contraband, subject to forfeiture, or needed as prosecution evidence for trial. *Ibid.*

      The reasonableness test calls for restoration of all the devices seized from Mr. Zakhari last October except his iPhone X. The government's allegations concern transmissions using that iPhone (*see* R. 1, Complaint at pg. 5 ¶ 9, Page ID # 5), and it may be assumed that the device has significance to the government as potential trial evidence. Nothing, however, in the prosecution's description of the case or in the discovery provided to the defense indicates that *any other* seized item was used in the commission of the alleged offense; these items accordingly should have no usefulness to the government as evidence. The other devices' dissociation from the charged misconduct likewise removes them from the ambit of federal forfeiture laws. Finally, government forensic testing presumably has confirmed by now that none of the items contain material that might render them contraband.

      Aside from the iPhone X, then, the seized devices are not arguably contraband, forfeitable, or needed as evidence. They are of value to Mr. Zakhari, though; among other things, they contain the only extant copies of Mr. Zakhari's unfinished doctoral

dissertation, as well as images and correspondence of great sentimental importance. Because special conditions of Mr. Zakhari's bond preclude his use of, or access to, computer and electronic storage devices while charges are pending against him (R. 8, Order Setting Conditions of Release at pg. 6, Page ID # 18), the returned items would be placed in the custody of Mr. Zakhari's father. (*See id.* at pg. 4 ¶ 6, Page ID # 16.)

    Mr. Zakhari therefore asks the Court to exercise its authority to require the prosecution to return all of the seized devices save the iPhone X.

    Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Attorneys for Defendant Zakhari
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On January 30, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Scott C. Cox
Michael R. Mazzoli