UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                   CRIMINAL ACTION NO. 3:19-CR-00208-RGJ

JOSEPH SAMIR ZAKHARI                                                DEFENDANT

## DEFENDANT JOSEPH ZAKHARI'S MOTION TO AMEND CONDITIONS OF PRETRIAL RELEASE

The Court has confined Joseph Zakhari pending trial to his parents' house under condition of "home incarceration," meaning "24-hour-a-day lock-down at [the] residence except for medical necessities and court appearances or other activities specifically approved by the court." (R. 8, Order Setting Conditions of Release at pg. 4 ¶ 7(p), Page ID # 16.)  Mr. Zakhari asks the Court to change his confinement status from home incarceration to "home detention," a modestly less restrictive standard that will enable him, with the permission of his supervising probation officer, to use the back yard of his residence and possibly to leave his home for religious services, job searching, and similar activities.  (*See ibid.*)

Early in the litigation of this case, Mr. Zakhari overcame the statutory presumption favoring his incarceration pending trial. *See* § 3142(e)(3)(E); (*see* R. 7, Order, Page ID # 12.) He has abided by all the restrictions against him, and has attended all hearings in Louisville as required. (*See, e.g.*, R. 26, Order, Page ID # 63.) The Court has modified Mr. Zakhari's release conditions in one instance already, granting his probation officer the authority to allow him to leave his parents' home for mental health counseling and psychiatric care. (R. 23, Order, Page ID # 26.)

The Court "may at any time amend the [bond] order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). The Court's task in all cases is to find "the least restrictive … combination of conditions" that will provide society the necessary protection. 18 U.S.C. § 3142(c)(1)(B); *United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007).

Of all the conditions available to the Court when fashioning the "least restrictive combination" for a defendant's release, home incarceration is the *most restrictive* option. As analysts for the Federal Judicial Center observe, "[i]ncarceration at home is the most severe form of home confinement…." Paul J. Hofer and Barbara S. Meierhoefer, *Home Confinement: An Evolving Sanction in the Federal Criminal Justice System*, pg. 6 (Fed. Judicial Ctr.

1987).¹ "[T]he home substitutes for prison," they explain: "Offenders are to remain there at all times with very limited exceptions … [and] are precluded from shopping, from working, or from having visitors outside prescribed hours. In some cases offenders may not even be allowed to go outside into their yards." *Ibid.* (Mr. Zakhari is one such detainee.) "[T]he difficulty of serving such a sentence is underestimated when the isolation is not taken into account," they note. *Id.* at pg. 29. "Remaining at home for long periods can be excruciatingly boring – a form of solitary confinement." *Ibid.* And having a detainee home all day inevitably causes strain to other family members in the residence. *Ibid.*

Home detention, though less severe than home incarceration, is hardly an easygoing experience. The Court's standard order warns defendants that, while under home detention, they will be "restricted to [the] residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer…." (R. 8, Order, pg. 4 ¶ (7)(p)(*ii*).) "The offenders' freedom to go where they please is completely restricted," note the Federal Judicial Center specialists. *Home Confinement*, pg. 6. "Home

---

1   Available at https://www.fjc.gov/sites/default/files/2012/HmCnfine.pdf.

detention, if strictly enforced, is more punishing than curfew and affords greater control over an offender's activities," they add. *Ibid.*

Mr. Zakhari has a spotless record. The pending charge is undeniably serious, but it is also the solitary instance in his life that he has been accused of any sort of wrongdoing. Investigators by now have scrutinized every byte of the many gigabytes of stored data that they seized from Mr. Zakhari's home, and they have doubtless determined that every last byte is clean of any improper images of minors.

The minimum relief that Mr. Zakhari seeks is the chance to walk out onto the back yard of his parents' house. Even that little would require the probation officer's prior permission, and even that small measure of liberty would be lost the instant Mr. Zakhari should fail to honor any of the probation officer's instructions. The Court might weigh its decision regarding the modification requested here by asking a question: Does the safety of the community mandate that Mr. Zakhari be prohibited from standing in his back yard? If the answer is "no," then the existing condition of home incarceration is stricter than necessary to protect society, and thus the home incarceration mandate does not belong among "the least restrictive ... combination of conditions" appropriate to ensure the community's security in the present case.

Mr. Zakhari therefore asks the Court to amend his conditions of release (R. 8, Order at pg. 4 ¶ 7(p), Page ID # 16) by

4

mandating home detention in place of the current requirement of home incarceration.

>Respectfully submitted,
>
>*Michael R. Mazzoli*
>Scott C. Cox
>Michael R. Mazzoli
>Attorneys for Defendant Zakhari
>COX & MAZZOLI PLLC
>600 West Main Street, Suite 300
>Louisville, Kentucky 40202
>502-589-6190
>MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On February 6, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

>*Michael R. Mazzoli*
>Scott C. Cox
>Michael R. Mazzoli