UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ELECTRONICALLY FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:19-CR-00208-RGJ |
| JOSEPH SAMIR ZAKHARI | DEFENDANT |

## DEFENDANT ZAKHARI'S MOTION TO SUPPRESS
## AND REQUEST FOR EVIDENTIARY HEARING

State and federal agents arrested Joseph Zakhari outside his apartment building on October 8, 2019.  They handcuffed him immediately.  Before leaving the scene, the officers searched Mr. Zakhari's apartment without a warrant.  As the agents worked their way through his home, they kept Mr. Zakhari in his living room and recorded everything he said.  The officers then took Mr. Zakhari to a police interrogation room and questioned him for more than an hour.  During that process, the investigators obtained, among other things, the passcode to Mr. Zakhari's iPhone.  Relying in part on information acquired through these tactics, agents later secured search warrants for Mr. Zakhari's home and iPhone.

Before any of Mr. Zakhari's statements (including the communicative act of entering his iPhone passcode) can be admitted into evidence at trial, the government must carry the burden of proving that the statements were voluntary. *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *United States v. Binford*, 818 F.3d 261, 271 (6th Cir. 2016). The government must also demonstrate that the warrantless search of Mr. Zakhari's apartment was done with his free consent or was justified by exigent circumstances. *United States v. Moon*, 513 F.3d 527, 537 (6th Cir. 2008) (consent); *United States v. Morgan*, 743 F.2d 1158, 1162 (6th Cir. 1984) (exigent circumstances). If the government's conduct violated Mr. Zakhari's rights, then the evidence unlawfully obtained must be excluded, and so must "all derivative evidence flowing from it," including the products of search warrants "that were themselves the fruit of the poisonous tree." *United States v. McClain*, 444 F.3d 556, 564-565 (6th Cir. 2005). To the extent the prosecution contends that the agents' violations can be excused on the grounds of good faith or some other doctrine, the burden is on the government to persuade the Court of this. *United States v. Moore*, No. 94-6591, 1995 U.S. App. LEXIS 37069, at *8 (6th Cir. Nov. 28, 1995).

The factual questions governing the legality of the government's actions and the admissibility of the prosecution's evidence cannot be resolved without an evidentiary hearing. *See*

*United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006).  Mr. Zakhari accordingly asks the Court to schedule such a hearing in this case.

          Respectfully submitted,

          *Michael R. Mazzoli*
          Scott C. Cox
          Michael R. Mazzoli
          Attorneys for Defendant Zakhari
          COX & MAZZOLI PLLC
          600 West Main Street, Suite 300
          Louisville, Kentucky 40202
          502-589-6190
          MazzoliCMLaw@aol.com

### CERTIFICATE OF SERVICE

  On February 25, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

          *Michael R. Mazzoli*
          Scott C. Cox
          Michael R. Mazzoli