UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ELECTRONICALLY FILED**

UNITED STATES OF AMERICA                                       PLAINTIFF

v.                                    CRIMINAL ACTION NO. 3:19-CR-00208-RGJ

JOSEPH SAMIR ZAKHARI                                          DEFENDANT

### DEFENDANT ZAKHARI'S REPLY IN SUPPORT OF MOTION TO COMPEL ATTENDANCE OF LAW ENFORCEMENT OFFICER AS WITNESS AT EVIDENTIARY HEARING

The defense has moved to require a police officer who witnessed defendant Joseph Zakhari's arrest to attend a hearing concerning the voluntariness of statements that Mr. Zakhari gave to investigators after the arrest.  (R. 49, Mot. to Compel Attendance, Page ID # 352-357.)  The government's response does not dispute that the officer was at the scene of the arrest and saw the arrest take place.  (*See* R. 55, U.S. Resp. pg. 7, Page ID # 395.)  The government similarly takes no issue with the legal principle that the manner of a  defendant's arrest is a fact relevant to the voluntariness of the defendant's later statements.  The response accordingly offers the Court no legitimate reason to deny Mr. Zakhari's motion.

Rather than challenge the merits of the defense request, the government complains that the motion is merely "the latest step" in defense counsel's "endeavor" to obtain "the identity and personal information of the decoy law enforcement officer." (R. 55, U.S. Resp. pp. 6-7, Page ID # 394-395.) The government is deeply confused. As counsel explained in the motion and in his correspondence to the prosecutor, the defense does not presently seek to know the police officer's identity, but only to secure her attendance at the hearing; if the prosecution agrees to facilitate this and spare defense counsel the obligation to serve a subpoena, the government need not reveal the officer's name prior to the hearing. (*See* R. 49, Motion at pg. 5, Page ID # 356.) And the defense has not asked the government for any of the "personal information" of the *police officer* ; rather, the defense has sought disclosure of the fictional data constituting "boredcrbgirl"'s *online persona*. The defense has no need to know the officer's date of birth, for instance, but the law plainly requires the government to disclose the date of birth and other details maintained in "boredcrbgirl"'s social media accounts. (*See* Fed. R. Crim. P. 16(a)(1)(B)(i) (government must provide "data ... within the government's ... control [which is] ... material to preparing the defense").) Counsel has made repeated requests for *this* information for six weeks now, without meaningful progress.

Mr. Zakhari's request is reasonable and is fully supported by the facts and the law. The defense urges the Court to grant the motion.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Attorneys for Defendant Zakhari
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On July 1, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli