UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:19-CR-00208-RGJ |
| JOSEPH SAMIR ZAKHARI | DEFENDANT |

### DEFENDANT ZAKHARI'S MOTION TO COMPEL GOVERNMENT TO DISCLOSE DATA FOR "UNDERCOVER PERSONA" PURSUANT TO FED. R. CRIM. P. 16(a)(1)(E)(i)

Detective Matt Hedden has testified in Court on at least two occasions that he posted one or more photographs of an adult woman in the profile section for "boredcrbgirl," the undercover persona that he created on the Kik message service. (*See, e.g.,* Tr. of Prelim. Hr'g, R. 37, pp. 6, 22, 24, Page ID # 117, 133, 135; *see also* Tr. of Suppression Hr'g, R. 60, pp. 8, 10, 28-30, Page ID # 413, 415, 433-435.)  Recently, the detective seemed to confirm that "boredcrbgirl"'s Kik profile included descriptive information, like biographical details, personal interests, hobbies, and the like. (Tr. of Suppression Hr'g, R. 60, pp. 29-30, Page ID # 434-435.) Beginning almost three months ago, defense counsel has corresponded with the prosecutor, asking for disclosure of that

profile image and all other biographical data that Detective Hedden assigned to "boredcrbgirl"'s profile.  Counsel has also sought disclosure of all information stored on other electronic platforms, such as Facebook or dating websites, where users would have been able to find "boredcrbgirl"'s Kik contact address during the relevant time period.  The government has not yet provided this data, and it is obvious that the prosecution will continue to temporize until the Court affirmatively mandates disclosure by a set deadline.

      The discovery rule for criminal litigation requires the government to provide access to all "data … within the government's possession, custody, or control" which is "material to preparing the defense…." Fed. R. Crim. P. 16(a)(1)(E)(i).  The prosecution in our case depends entirely on the representations that the fictional "boredcrbgirl" allegedly made to Mr. Zakhari about her age: text statements telling him that "she" was fifteen years old.  A photo on "boredcrbgirl"'s Kik profile is similarly a representation – to all Kik users, not just Mr. Zakhari – about "her" age; as such, the adult woman's image made available to Kik users on "boredcrbgirl"'s profile advised those users that "boredcrbgirl" was an adult woman.  The internet is notorious for catfishing – people switching genders, lying about their ages and appearances and personalities, playing elaborate fictional roles in online sexual relationships – and in an environment without easy means of verifying a correspondent's true identity, every representation is

2

potentially a *mis*representation. "Boredcrbgirl," for instance, advised Kik users via her profile picture that she was an adult woman; subsequently, if a Kik user asked "boredcrbgirl" for a new photograph, Detective Hedden replied with another image of an adult woman (always the same woman who posed for the profile picture). Mr. Zakhari's liability in this case depends heavily, if not entirely, on whether he took "boredcrbgirl" at her word when "she" said she was fifteen years old; the fact that "boredcrbgirl" contrarily represented, via photographs, that "she" was actually an adult is therefore material, exculpatory evidence. Similarly, if "boredcrbgirl" made ambiguous representations about herself in her profile – for instance, if "boredcrbgirl" described herself as a "student" rather than a "high school student," or used the designation "w4m" ("woman looking for a man") – then her text-message claims to be fifteen years old become far less meaningful.

There is no doubt that Detective Hedden posted one or more photographs of an adult woman in "boredcrbgirl"'s Kik profile. It is nearly as certain that Detective Hedden included other biographical information about "boredcrbgirl" in her profile, such as her age, interests, membership in Kik "public groups," and so on. It is likewise almost certain that there were accounts on other social media or dating platforms that linked to, or invited users to send messages to, "boredcrbgirl"'s Kik address; these other accounts probably used an adult woman's photo in their profiles,

3

too, and included biographical data relevant to "boredcrbgirl"'s age. This data is indisputably "material to preparing the defense": there is a "logical relationship between the information withheld and the issues in the case," and the data is "important in light of the evidence as a whole." *United States v. Thompson*, 758 F. App'x 398, 405 (6th Cir. 2018); *see also United States v. Phillip*, 948 F.2d 241, 250-251 (6th Cir. 1991) (discussing R. 16(a)(1)'s materiality requirement). The government cannot continue to conceal this evidence from discovery.

    Mr. Zakhari accordingly asks the Court to enter the attached order compelling the prosecution to release the data contained in "boredcrbgirl"'s Kik profile and all other social media platforms.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Attorneys for Defendant Zakhari
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On August 11, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Scott C. Cox
Michael R. Mazzoli