UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:19-CR-00208-RGJ |
| JOSEPH SAMIR ZAKHARI | DEFENDANT |

**DEFENDANT ZAKHARI'S MOTION TO COMPEL GOVERNMENT TO DISCLOSE DATA FOR UNDERCOVER PERSONA "ALYSSA" PURSUANT TO FED. R. CRIM. P. 16(a)(1)(E)(i)**

A government law enforcement agent communicated with defendant Joseph Zakhari in October 2019 on the MeetMe social media platform in the guise of a woman named "Alyssa". The prosecution possesses important data, such as the profile picture and biographical details that investigators entered on MeetMe to create the "Alyssa" character, and this information is "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(*i*). The government, however, has refused thus far to disclose that information, despite repeated requests by defense counsel. Because litigation in this case has demonstrated that the prosecution will not provide this data until the Court is asked to

intervene, Mr. Zakhari requests an order compelling the government to release the specified information. *See* Rule 16(d)(2).

The government first revealed the involvement of the "Alyssa" persona five months ago. (*See* Correspondence, Attachment pg. 1.) "I have additional discovery from your client's phone," the prosecutor advised in a June email. "Of note, your client was chatting with another law enforcement officer involved in the online undercover operation." (*Ibid.*) At the time Mr. Zakhari was arrested in connection with Detective Hedden's "boredcrbgirl" communications, the prosecutor said, he had not "act[ed] on the chats with the second undercover officer." (*Ibid.*)

Data from Mr. Zakhari's cell phone was delivered to the defense in late August (Attach., pg. 2), and after studying the new information, defense counsel asked to know the "assumed name of the second undercover persona" and the "social media platform" on which that persona's communications took place. (*Id.* at pg. 3.) Ten days later, the prosecutor responded: "The communications occurred between October 7 and 8, 2019. The platform was MeetMe. Username – Alyssa." (*Ibid.*)

It had already been established that Detective Hedden had created a MeetMe site for the "boredcrbgirl" undercover persona. On MeetMe, it was revealed, "boredcrbgirl" (who pretended to be a minor on the Kik Messenger platform) went by the name "Dani,"

and advertised herself as being eighteen years old. (*See* Zakhari Reply for Mot. to Disclose, R. 69 pp. 3-5, Page ID # 512-514; *see also* Attachment 2, MeetMe profile for "Dani".) This case history prompted defense counsel to ask the government for the social media data for "Alyssa":

> Concerning Mr. Zakhari's interaction with the undercover persona "Alyssa" on MeetMe on October 7 and 8, 2019, please provide all MeetMe profile information for the "Alyssa" account – descriptive data, biographical information, all communications with Mr. Zakhari, "Relationship Status" and "Looking For" annotations, Status Updates and Comments, "About Me" entries, profile views and profile images, pictures, and all other data for the "Alyssa" account. This information is "data … within the government's … control [which is] … material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(B)(i) [*sic* : should be (E)(i)].

(Attach., pg. 4.) After two weeks came the government's response: "There is nothing else to disclose. The chat text recovered from your client's digital device from October 7 and 8, 2019, is the entirety of information we have." (*Id.* at pg. 5.) To rule out any possible misunderstanding, defense counsel followed up on November 11 with a more-detailed request for the same information (*id.* at pg. 6); no response has been received to date.

The government's position, therefore, is not that Mr. Zakhari has demanded something outside the bounds of the discovery rules. It is, instead, a claim that, apart from chat text located only on Mr. Zakhari's phone, no data for "Alyssa" exists: no data in any

3

government computer, no data accessible to any law enforcement officer; no profile information like that created by Detective Hedden for the "boredcrbgirl" persona; no photographs of any sort.

This claim is implausible in the extreme.

To put it most plainly, the government must possess MeetMe profile data for "Alyssa." A "law enforcement officer involved in the online undercover operation" operated the "Alyssa" persona on MeetMe (Attach., pp. 1, 3), just the same as Detective Hedden pretended to be "Dani"/"boredcrbgirl" on MeetMe. The officer who created "Alyssa" must have provided an age (probably eighteen or older) and home location for "Alyssa"'s MeetMe profile, just as Detective Hedden gave "Dani" the MeetMe profile of an eighteen year old woman living in Louisville. Like Detective Hedden did for "Dani", the officer in charge of "Alyssa" supplied a profile picture for the MeetMe account, and that officer must still have a copy of it. The officer in charge of the "Alyssa" persona transmitted every photo that "Alyssa" sent to Mr. Zakhari and invented every word that "Alyssa" wrote in her messages to Mr. Zakhari, and the officer must still have copies of those images and communications. Just as Detective Hedden kept all of the MeetMe data for "Dani", the law enforcement officer who created "Alyssa" can retrieve the MeetMe data for that persona.

Once already in this case, the defense has sought social media profile information for an undercover persona who communicated with Mr. Zakhari, and in that instance the government produced nothing until the defense filed a motion to compel disclosure.  (*See* Reply for Mot. to Disclose, R. 69 pp. 2-5, Page ID # 511-514.)  It seems this cycle is recurring with respect to the data for "Alyssa".  Mr. Zakhari therefore invokes the Court's aid once again, and asks the Court to enter the attached order.

                                        Respectfully submitted,

                                        *Michael R. Mazzoli*
                                        Scott C. Cox
                                        Michael R. Mazzoli
                                        Attorneys for Defendant Zakhari
                                        COX & MAZZOLI PLLC
                                        600 West Main Street, Suite 300
                                        Louisville, Kentucky 40202
                                        502-589-6190
                                        MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On November 20, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

                                        *Michael R. Mazzoli*
                                        Michael R. Mazzoli