UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ELECTRONICALLY FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:19-CR-00208-RGJ |
| JOSEPH SAMIR ZAKHARI | DEFENDANT |

### DEFENDANT ZAKHARI'S MOTION TO COMPEL DISCLOSURE OF "DECOY OFFICER"'S IDENTITY PURSUANT TO *BRADY v. MARYLAND*

A law enforcement agent posed for photographs and travelled in character to defendant Joseph Zakhari's home in October 2019. She stood a few feet away from the front door of Mr. Zakhari's apartment building, and when he saw her, he recognized her as the woman with whom he had been texting in the days leading up to their real-life meeting. This was "Dani," the adult woman whose profile was on MeetMe; and also "'boredcrbgirl", the handle the woman used on Kik; and "Alyssa," the name she gave Mr. Zakhari in one of her last text messages. Most important, she was visibly an adult woman, exactly who Mr. Zakhari expected would be visiting. He opened the door to invite her into his home, and as

she watched from her close vantage point, Mr. Zakhari was jumped by federal agents hiding nearby and wrestled to the ground.

The testimony of "the decoy officer" – the prosecution's name for the investigator playing "Dani" /"boredcrbgirl" / "Alyssa" – will provide materially important proof about Mr. Zakhari's state of mind at two critical moments: during his communications with the "decoy officer"'s persona prior to his arrest, and during his interrogation by the police immediately after his arrest.  The officer's testimony will accordingly supply valuable evidence supporting at least two key exculpatory facts: Mr. Zakhari's defense that he believed all along that "Dani" /"boredcrbgirl" / "Alyssa" was an adult woman, and his contention that the roughness of his arrest inclined him to make incriminating statements when the police questioned him.  It is therefore the government's duty under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose the identity of the "decoy officer" and sufficient contact information so Mr. Zakhari can subpoena her for trial.

"[T]he suppression by the prosecution of evidence favorable to an accused … violates due process where the evidence is material either to guilt or to punishment…." *Brady*, 373 U.S. at 87.  The government's failure to disclose such information before trial violates due process "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473

U.S. 667, 682 (1985). In that circumstance, the evidence is deemed "material." *Ibid.* Such evidence need not "establish the defendant's innocence by a preponderance of the evidence," explained the Sixth Circuit: "[T]he 'question is not whether the defendant would more likely that not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.'" *Schledwitz v. United States*, 169 F.3d 1003, 1012 (6th Cir. 1999) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

*Brady* accordingly imposes a "broad duty of disclosure…." *Strickler v. Greene*, 527 U.S. 263, 281 (1999). That duty specifically requires the government to divulge an eyewitness's identity when the person's testimony would be favorable to the defendant. *See Monroe v. Angelone*, 323 F.3d 286, 315 (4th Cir. 2003), *Leka v. Portuondo*, 257 F.3d 89, 92-93, 98-107 (2nd Cir. 2001), *and Sennett v. Sheriff of Fairfax Cty.*, 608 F.2d 537, 538 (4th Cir. 1979).

Mr. Zakhari's chief defense – that he always thought "Dani" /"boredcrbgirl" / "Alyssa" was an adult women, despite the age given in her text messages – is not a fanciful claim lacking objective evidence. The Court will recall that the persona's "Dani" alias on MeetMe advertised herself as being eighteen years old; the "boredcrbgirl" alias on Kik was a member of a whole raft of adults-only sex-fetish interest groups. (Zakhari Reply for Motion to

Compel, R. 69 pp. 3-7, Page ID # 512-516.) The profile picture for eighteen-year-old "Dani" on MeetMe was that of an obviously-adult woman, and the photos sent by "boredcrbgirl" to Mr. Zakhari were all images of the same obviously-adult woman. (*See* Sealed Exhibit, filed separately.)

Mr. Zakhari's texts to "boredcrbgirl" repeatedly evince his belief that she was an adult pretending to be a minor. Soon after "boredcrbgirl"'s first response to Mr. Zakhari's text messages, he asked her:

> JSZ: How old are you?
> "boredcrbgirl": Nvm
> "boredcrbgirl": 15
> JSZ: Oh
> JSZ: I thought you were older
> "boredcrbgirl": Yea
> JSZ: Yes.

(Messages on 10/6/19 at 9:25:24 PM.) The next day, he expressed his suspicions several more times:

> JSZ: Are you a real person?
> "boredcrbgirl": Tf
> JSZ: Or you just trolling me?
> "boredcrbgirl": I'm real
> JSZ: Prove it
> "boredcrbgirl": I did

4

> JSZ: Send me a pic of you doing the peace sign

(*Id.* at 10/7/2019, 4:04:33 PM.) Within minutes, the "decoy officer" provided a photo of herself doing just that. (*Id.* at 4:06:11 PM; *see also* Sealed Exhibit at pg. 7.) Still, Mr. Zakhari voiced his doubts:

> JSZ: What's your address?
> boredcrbgirl: 2069 Preston
> JSZ: You are right by Z bar
> boredcrbgirl: Yea
> JSZ: How old are you again?
>
> \* \* \*
>
> JSZ: How old are you?
> boredcrbgirl: Told u
> boredcrbgirl: 15
> JSZ: You sure you aren't 18?
> boredcrbgirl: Nah I'm sure lol

(*Id.* at 10/7/19, 6:35:06 PM, 6:53:12 PM.)

    Mr. Zakhari's behavior when he met "Dani" /"boredcrbgirl" / "Alyssa" outside his apartment is fully consistent with what one would expect of a person who was meeting, in real life, someone he believed to be an adult woman. There has been no testimony or written claim from law enforcement officers that Mr. Zakhari expressed shock or surprise to see an adult woman waiting for him; rather, all accounts say he recognized her instantly, and

5

welcomed her in calmly and publicly – not at all the behavior of a man who thinks he's inviting an unaccompanied child into his home. The "decoy officer"'s testimony will dependably echo that of her colleagues, but with the added credibility of a witness who enjoyed a close-up, unobstructed view of Mr. Zakhari's face and gestures – the only witness who was so well-positioned. The officer can physically demonstrate the close proximity of her position to Mr. Zakhari by standing a few feet away from the jurors, allowing them to see almost exactly the same thing that Mr. Zakhari saw when he greeted her at his residence.

The prosecution may argue that Mr. Zakhari's crime was complete before "Dani" /"boredcrbgirl" / "Alyssa" arrived at his apartment building, and try to parlay this into a claim that everything the "decoy officer" saw at the scene of the arrest was irrelevant. There is no merit to this theory. Quite the contrary, courts have long observed that an accused person's intent at the time of an alleged offense "may be inferred from the … subsequent conduct" of the person. *United States v. Farber*, 336 F.2d 586, 588 (6th Cir. 1964); *see also United States v. Ramirez*, 894 F.2d 565, 569 (2nd Cir. 1990), *United States v. Bank of New England*, 821 F.2d 844-858-859 (1st Cir. 1987), *and United States v. Hurley*, 755 F.2d 788, 790 (11th Cir. 1985). "Relevancy cannot be reduced to mere chronology," the Second Circuit explained: "whether the similar act evidence occurred prior or subsequent to the crime in

question is not necessarily determinative to its admissibility." *Ramirez*, 894 F.2d at 569. Mr. Zakhari's lack of surprise or consternation at the sight of an adult woman is sound proof that earlier, when he was testing "Dani" /"boredcrbgirl" / "Alyssa", he believed she was an adult.

The Court's determination that Mr. Zakhari's confession did not violate his Fifth or Sixth Amendment rights (R. 75, Page ID # 704) does not devalue or preclude testimony at trial concerning the events surrounding the confession, including the details of Mr. Zakhari's arrest. A defendant is entitled to "familiarize a jury with circumstances that attend the taking of his confession, including facts bearing upon its weight and voluntariness." *Lego v. Twomey*, 404 U.S. 477, 485-486 (1972). In all cases where the trial court holds that a confession is admissible at trial, "the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." *United States v. Parker*, 997 F.2d 219, 223 (6th Cir. 1993) (quoting 18 U.S.C. § 3501(a)).

Similarly, the Court's previous determination that the "decoy officer" could remain anonymous because she had no "material or uniquely relevant information about an alleged violation of Zakhari's Fourth or Fifth Amendment rights" (Order, R. 58 at pg. 3, Page ID # 403) does not confine the Court's discretion in the

present matter. Indeed, the Court anticipated the question at hand when it ruled that "Zakhari may renew his motion if the identity of this witness is relevant and material to an issue at trial." (*Ibid.*) As shown above, the "decoy officer"'s testimony is relevant not just to Mr. Zakhari's arrest and interrogation, but to the more central and crucial question of his state of mind when he engaged in the text communications that form the core of the prosecution's case against him.

The prosecution should reveal the "decoy officer"'s identity and contact information so she can be called to the stand at Mr. Zakhari's trial. Mr. Zakhari asks the Court to require the government to make the necessary disclosure.

Respectfully submitted,

*Michael R. Mazzoli*
Scott C. Cox
Michael R. Mazzoli
Attorneys for Defendant Zakhari
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On December 23, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Michael R. Mazzoli