UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                PLAINTIFF

vs.                     CRIMINAL ACTION NUMBERS 3:19CR-208-RGJ & 3:21CR-20-RGJ

JOSEPH SAMIR ZAKHARI                                                                    DEFENDANT

*Electronically Filed*
**MOTION TO EXCLUDE TESTIMONY OF LISA REAM**
**and REQUEST FOR DAUBERT HEARING**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and moves the Court to exclude the testimony of Lisa Ream and in support thereof states the following:

On August 2, 2021, defense emailed a letter to undersigned counsel advising that it may seek to introduce, pursuant to Fed. R. Evid. 702, 703, and 705, the testimony of Lisa Ream. According to the notice,

> Ms. Ream is a litigation paralegal and director of Ream Litigation Services LLC. She is qualified by training and experience to be an end user of Cellebrite software, and is able to search for, filter, and organize data applying Cellebrite's tools. She will be providing summary testimony, not expert opinions, about the contents of Mr. Zakhari's cell phone; if necessary, though, she can describe the techniques and commands employed in Cellebrite to find and extract the particular information from Mr. Zakhari's phone.

The disclosure did not include Ms. Ream's curriculum vitae. Moreover, no written reports or basis for her testimony were shared with the United States.

Expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "This condition goes primarily to relevance." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). The question "is whether expert

testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* (quotation marks omitted). The requirement that the testimony be helpful "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 591–92.

In *Daubert*, the Supreme Court explained that a district court faced with a proffer of expert testimony must assess whether the reasoning or methodology underlying the testimony is scientifically valid and can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592-93. Many factors may bear on that inquiry, including: (1) whether the theory or technique has been or can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential error rate; and (4) whether the theory or technique is widely accepted. *Id*. at 593-94. The Supreme Court emphasized that the Rule 702 inquiry is "a flexible one," the ultimate goal of which is to determine the evidentiary relevance and reliability of the proposed expert testimony. *Id*. at 594-95.

The notice provided by the defense concerning Ms. Ream's anticipated testimony is vague at best. There is nothing to support the conclusory statement that she is "qualified by training and experience" to be an end user of Cellebrite much less how the unspecified training and experience impacts or guides the anticipated testimony. The United States questions the relevance and reliability of the unspecified testimony.

The United States respectfully requests that the Court conduct a *Daubert* hearing to determine reliability, relevance, and qualifications of Ms. Ream's purported testimony.

> Respectfully Submitted,
>
> MICHAEL A. BENNETT
> ACTING UNITED STATES ATTORNEY
>
> /s/ *Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney
> 717 West Broadway
> Louisville, Kentucky 40202
> (502) 582-5911
> (502) 582-5912 (fax)

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served on defense counsel through the Court's ECF system on August 16, 2021.

> /s/ *Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney

3