UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                        CRIMINAL ACTION NO. 3:19-CR-208-RGJ
                          CRIMINAL ACTION NO. 3:21-CR-020-RGJ

JOSEPH SAMIR ZAKHARI                                               DEFENDANT

## DEFENDANT ZAKHARI'S
## PROPOSED JURY INSTRUCTIONS

Counsel for defendant Joseph Zakhari submit the following instructions of substantive law for the Court's consideration and use in the trial of this case.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Attorneys for Defendant Zakhari
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On August 19, 2021, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Michael R. Mazzoli

**Instruction # \_\_**

**ATTEMPTING TO COMMIT AN OFFENSE**

**ATTEMPT – BASIC ELEMENTS** [1]

Defendant Joseph Zakhari is charged with offenses in two separate indictments, 3:19-CR-208 and 3:21-CR-20. All of the charges allege that Mr. Zakhari attempted to commit a specific crime. The elements of an attempt are the same in every instance, so let me first instruct you about the law for attempts, and then I will define the specific crimes Mr. Zakhari is charged with attempting.

For you to find Mr. Zakhari guilty of attempting to commit a crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

*First*, that he intended to commit the crime as defined later in these Instructions; and

*Second*, that he did some overt act that was a substantial step towards committing the crime as defined.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime. But the government does not have to prove that the defendant did everything

---

[1] Sixth Cir. Pattern Crim. Jury Instr. § 5.01 (July 1, 2019), *available at* https://www.ca6.uscourts.gov/sites/ca6/files/documents/pattern_jury/pdf/Chapter%205_0.pdf; *see United States v. Williams*, 704 F.2d 315, 321 (6th Cir. 1983) (elements of a criminal attempt).

1   except the last act necessary to complete the crime.  A substantial step
2   beyond mere preparation is enough.

**Instruction # \_\_**

## ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN UNLAWFUL SEXUAL ACTIVITY (18 U.S.C. § 2422(b))

1   Defendant Zakhari is charged in Count 1 of Indictment 3:19-CR-
2   208 and Count 1 of Indictment 3:21-CR-20 with attempting to commit
3   the crime of persuading a minor to engage in unlawful sexual activity.

4   For you to find Mr. Zakhari guilty of this crime, you must be
5   convinced that the government has proved both of the following elements
6   beyond a reasonable doubt:

7   *First*, that he intended to commit the crime of persuading a
8   minor to engage in unlawful sexual activity, which I
9   will define for you in a moment; and

10   *Second,* that he did some overt act that was a substantial
11   step towards committing that crime.

**Instruction # \_\_**

**ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN UNLAWFUL SEXUAL ACTIVITY (18 U.S.C. § 2422(b))**

**PERSUADING A MINOR TO ENGAGE IN UNLAWFUL SEXUAL ACTIVITY [2]**

For a defendant to be guilty of persuading a minor to engage in unlawful sexual activity, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, that the defendant knowingly persuaded an individual under the age of [sixteen[3]] to engage in unlawful sexual activity;

*Second,* that the defendant used a means or facility of interstate commerce, including the internet, to do so; and

*Third*, that the defendant knew the individual was under the age of [sixteen].

---

[2]  Sixth Cir. Pattern Crim. Jury Instr. § 16.09 (August 12, 2019), *available at* https://www.ca6.uscourts.gov/sites/ca6/files/documents/pattern_jury/pdf/Chapter%2016_0.pdf.

[3]  *See United States v. Kimberly*, No. 05-17-WOB, 2005 U.S. Dist. LEXIS 9913 *9-*12, 2005 WL 1244977 (E.D. Ky. May 25, 2005) (construing 18 U.S.C. § 2422(b) and KRS 510.060).  For Mr. Zakhari to commit an act meeting the federal definition of "unlawful sexual activity" in the present case, he would have had to believe that "boredcrbgirl" was less than sixteen years old.

"Unlawful sexual activity" means "sexual intercourse with another person less than sixteen (16) years old" or "any act of sexual gratification" with another person less than sixteen (16) years old "which involves the sex organs of one person and the mouth or anus of [the] other."[4]

---

[4] *See* Ky. Rev. Stat. 510.060(1)(b) (rape in third degree), 510.090(1)(b) (sodomy in third degree), 510.010(1) (defining "deviate sexual intercourse"); *United States v. Hart*, 635 F.3d 850, 854 (6th Cir. 2011) (discussing statutes).

**Instruction # \_\_**

**ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN
UNLAWFUL SEXUAL ACTIVITY (18 U.S.C. § 2422(b))**

**CONCLUSION**

If you are convinced that the government has proved all of the elements of the crime of attempting to persuade a minor to engage in unlawful sexual activity, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty.

**Instruction # \_\_**

## ATTEMPTING TO TRANSFER OBSCENE MATERIAL TO A MINOR (18 U.S.C. § 1470)

1  Defendant Zakhari is charged in Count 2 of Indictment 3:19-CR-
2  208 and Count 2 of Indictment 3:21-CR-20 with attempting to commit
3  the crime of transferring obscene material to an individual who has not
4  attained the age of sixteen years.

5  For you to find Mr. Zakhari guilty of this crime, you must be
6  convinced that the government has proved both of the following elements
7  beyond a reasonable doubt:

8  *First,* that he intended to commit the crime of transferring
9  obscene material to a minor, which I will define for you
10  in a moment; and

11  *Second,* that he did some overt act that was a substantial
12  step towards committing that crime.

**Instruction # \_\_**

**ATTEMPTING TO TRANSFER OBSCENE MATERIAL
TO A MINOR (18 U.S.C. § 1470)**

**TRANSFER OF OBSCENE MATERIAL TO A MINOR - ELEMENTS** [5]

For a defendant to be guilty of transferring obscene material to an individual who has not attained the age of sixteen years, the government must prove each of the six following elements beyond a reasonable doubt:

*First*, the defendant knowingly transferred a picture of his naked penis; and

*Second*, the defendant transferred the picture to an individual less than sixteen years old; and

*Third*, the defendant knew the other individual was less than sixteen years old; and

*Fourth*, the defendant knew the content, character and nature of the picture at the time of the transfer; and

*Fifth*, the picture of the defendant's naked penis is obscene; and

*Sixth*, the defendant knowingly used any means or facility of interstate commerce to transfer the picture.

---

[5]   Pattern Crim. Jury Instr. of the Seventh Cir., 18 U.S.C. § 1470, pg. 485 (2012 ed. and changes through 2018), *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.pdf.

**Instruction # \_\_**

**ATTEMPTING TO TRANSFER OBSCENE MATERIAL TO A MINOR (18 U.S.C. § 1470)**

**DEFINITION OF "OBSCENE"** [6]

No evidence of what constitutes obscene material has been or needs to be presented. It is up to you to determine whether the material is obscene using the standard in this instruction. Material is obscene when it meets all three of the following requirements:

> *First*: The average person, applying contemporary adult community standards, would find that the material, taken as a whole, appeals to the prurient interest. Material appeals to "prurient interest" when it is directed to an unhealthy or abnormally lustful or erotic interest, or to a lascivious or degrading interest, or to a shameful or morbid interest, in sex or nudity; and

> *Second*: The average person, applying contemporary adult community standards, would find that the material depicts or describes sexual conduct in a patently offensive way; and

---

[6] Pattern Crim. Jury Instr. of the Seventh Cir., 18 U.S.C. § 1470, pg. 486. *See United States v. Salcedo*, 924 F.3d 172, 177 (5th Cir. 2019) ("Because 18 U.S.C. § 1470 does not further define obscenity, we look to [the] three-pronged definition" in *Miller v. California*, 413 U.S. 15, 24 (1973)).

*Third*:  A reasonable person would find that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.

You are to apply these requirements from the standpoint of an average adult in the community, namely, the counties in the Western District of Kentucky in which you reside.

You are not to apply these standards from the standpoint of the sender, the recipient, or the intended recipient of the material.

You must also avoid applying subjective personal and privately held views regarding what is obscene.  Rather, the standard is that of an average adult applying the collective view of the community as a whole.

**Instruction # \_\_**

**ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN UNLAWFUL SEXUAL ACTIVITY (18 U.S.C. § 2422(b))**

1 **CONCLUSION**

2       If you find from your consideration of all the evidence that the
3 government has proved all of these elements beyond a reasonable doubt,
4 then you should find the defendant guilty attempting to transfer obscene
5 material to a minor.

6       If, on the other hand, you find from your consideration of all the
7 evidence that the government has failed to prove any one of these
8 elements beyond a reasonable, then you should find the defendant not
9 guilty of that charge.

**Instruction # \_\_**

## ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT TO PRODUCE A VISUAL DEPICTION (18 U.S.C. § 2251(a))

Defendant Zakhari is charged in Count 3 of Indictment 3:19-CR-208 and Count 3 of Indictment 3:21-CR-20 with attempting to commit the crime of persuading a minor to engage in sexually explicit conduct to produce a visual depiction.

For you to find Mr. Zakhari guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

*First*, that he intended to commit the crime of persuading a minor to engage in sexually explicit conduct to produce a visual depiction, which I will define for you in a moment; and

*Second*, that he did some overt act that was a substantial step towards committing that crime.

**Instruction # \_\_**

**ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT TO PRODUCE A VISUAL DEPICTION (18 U.S.C. § 2251(a))**

**PERSUADING A MINOR TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT TO PRODUCE A VISUAL DEPICTION** [7]

For a defendant to be guilty of persuading a minor to engage in unlawful sexual activity for the purpose of producing a visual depiction, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, that the defendant persuaded a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

*Second,* that the defendant knew that the visual depiction would be transmitted using any means or facility of interstate commerce.

Now I will give you more detailed instructions on some of these terms.

---

[7] Sixth Cir. Pattern Crim. Jury Instr. § 16.01(1) (August 12, 2019), *available at* https://www.ca6.uscourts.gov/sites/ca6/files/documents/pattern_jury/pdf/Chapter%2016_0.pdf.

**Instruction # \_\_**

**ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT TO PRODUCE A VISUAL DEPICTION (18 U.S.C. § 2251(a))**

1                              **DEFINITIONS** [8]

2      The term "minor" means any person under the age of 18 years.[9]

3 For Mr. Zakhari to be liable in this case for "attempting to persuade a

4 minor," you do not need to find that "boredcrbgirl" and "Alyssa" (that is,

5 the law enforcement agents pretending to be "boredcrbgirl" and "Alyssa")

6 were under the age of eighteen years. [10] Rather, the government must

7 prove that Mr. Zakhari subjectively believed that "boredcrbgirl" and

8 "Alyssa" were under the age of eighteen years at the time. It is not a

9 defense to this attempted crime that no minor was actually involved.

---

[8]     Sixth Cir. Pattern Crim. Jury Instr. § 16.01(2) (August 12, 2019) except where otherwise noted.

[9]     *Id.* § (2)(B); *see* 18 U.S.C. § 2256(1).

       The Sixth Circuit's pattern instruction includes optional language: "[It is not necessary that the government prove that the defendant knew the person depicted … was a minor.]" *Ibid.* The optional language does not apply in this case. Although "[i]t is true that the commission of the completed offense under § 2251(a) … contains no requirement that the defendant know that the performer is a minor," it is different "where the offense is one of attempt to manufacture child pornography": in such cases, "the government must demonstrate that the defendant believed that the intended performer was a minor." *United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004). The remainder of this paragraph of the proposed instruction addresses this principle.

[10]     This sentence and the next two sentences are adapted from *United States v. Jayavarman*, 871 F.3d 1050, 1057-1058 (9th Cir. 2017).

14

The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions.

The term "sexually explicit conduct" means actual or simulated lascivious exhibition of the genitals or pubic area of a person.[11] In deciding whether an exhibition is "lascivious," you may consider these six factors:

    (1)  whether the focal point of the visual depiction is on the child's genitalia or pubic area;

    (2)  whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

    (3)  whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

    (4)  whether the child is fully or partially clothed, or nude;

    (5)  whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

---

[11] Alternative definitions of "sexually explicit conduct" (sexual intercourse, bestiality, masturbation, masochistic or sadistic abuse), *see* 18 U.S.C. § 2256(2)(A), do not apply to the facts of the present case.

  (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

The term "producing" means not only producing but also making, creating, directing, manufacturing, issuing, publishing, or advertising.

The term "visual depiction" includes data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "in interstate commerce" means the visual depiction would cross a state line. The term "means or facility of interstate commerce" includes the internet.

**Instruction # \_\_**

**ATTEMPTING TO PERSUADE A MINOR TO ENGAGE IN
SEXUALLY EXPLICIT CONDUCT TO PRODUCE A
VISUAL DEPICTION (18 U.S.C. § 2251(a))**

**CONCLUSION**

If you are convinced that the government has proved all of the elements of the crime of attempting to persuade a minor to engage in unlawful sexual activity, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty.