FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Sep 24, 2021 _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                          Plaintiff

v.                                                        Criminal Action No. 3:19-cr-208-RGJ

JOSEPH SAMIR ZAKHARI                                                             Defendant

* * * * *

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.  Then I will explain some rules that you must use in evaluating testimony and evidence.  And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way.

### PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not evidence of guilt.  It is just the formal way the government tells the defendant what crime he is accused of committing.  It does not raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

5

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one type of evidence is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

 Let me suggest some things for you to consider in evaluating each witness's testimony.


(1) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Next, I will explain the elements of the crimes that the defendant is accused of committing.

I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.

## SEPARATE CONSIDERATION—
## SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

(1) The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## DEFINITION OF THE CRIME

### Attempted Online Enticement of a Minor

Count 1 of the indictment charges the defendant with attempting to knowingly persuade, induce, or entice a minor under the age of sixteen (16) to engage in unlawful sexual activity.

### A.  Attempt

For you to find the defendant guilty of attempting to commit the crime in this count, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

First:          That he intended to commit the crime, as explained in detail below.

Second:        That the defendant did some overt act that was a substantial step towards committing the crime.

Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime charged.  But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime.  A substantial step beyond mere preparation is enough.

### B.  Enticement

For you to find the defendant guilty of the crime of attempting to knowingly persuade, induce, or entice a minor under the age of sixteen (16) to engage in unlawful sexual activity, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:          That the defendant attempted to knowingly persuade, induce, or entice an individual under the age of sixteen (16) to engage in unlawful sexual activity.

Second:        That the defendant believed the individual was under the age of sixteen (16).

11

<u>Third</u>:          That the defendant used a means or facility of interstate commerce to do so.

Now I will give you more detailed instructions on some of these terms.

(A) It is not necessary for the government to prove that the individual was in fact less than sixteen (16) years of age; but it is necessary for the government to prove that the defendant believed such individual to be under that age.

(B) The term "unlawful sexual activity" includes:

(i) "Sexual intercourse," being between a person 21 years old or more and another person less than 16 years old, including sexual intercourse in its ordinary sense and penetration of the sex organs of one person by any body part of another person. Sexual intercourse occurs upon any penetration, however slight; emission is not required.

(ii) "Deviate sexual intercourse," being between a person 21 years old or more and another person less than 16 years old, including any act of sexual gratification involving the sex organs of one person and the mouth or anus of another; or penetration of the anus of one person by any body part of another person.

(iii) "Sexual Performance," meaning inducing an individual less than age 16 to engage in a sexual performance. It includes a photograph that includes sexual conduct by a minor. "Sexual conduct by a minor" means the intentional exposing in an obscene manner of the unclothed or apparently unclothed human female genitalia, pubic area, buttocks, or breasts.

12

(iv) "Production of child pornography," which means attempting to use, persuade, induce, entice, or coerce a minor (under the age of 16) to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct knowing or having reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

(C) "Using a means or facility of interstate commerce" includes using the internet or the telephone.

(D) It is not necessary that the government prove that the sexual activity occurred.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME

### Attempted Transfer of Obscene Matter to a Minor

Count 2 of the indictment charges the defendant with attempting to knowingly transfer obscene material to a minor under the age of sixteen (16).

### A.  Attempt

For you to find the defendant guilty of attempting to commit the crime in this count, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

First:  That the defendant intended to commit the crime, as explained in detail below.

Second:  That the defendant did some overt act that was a substantial step towards committing the crime.

Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime charged.  But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

### B.  Transfer of Obscene Material

For you to find the defendant guilty of the crime of attempting to knowingly transfer obscene material to a minor under the age of sixteen (16), you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:  That the defendant knowingly transferred photographs of his naked penis;

Second:  That the defendant transferred the photographs to an individual;

Third:  That the defendant believed the individual was less than sixteen (16) years old;

14

<u>Fourth</u>:        That the defendant knew at the time of the transfer the content, character, and nature of the photographs;

<u>Fifth</u>:        That the photographs of the defendant's naked penis are obscene as defined below; and

<u>Sixth</u>:        That the defendant knowingly used a means or facility of interstate commerce to transfer the photographs of his naked penis.

It is not necessary for the government to prove that the individual was in fact less than sixteen (16) years of age; but it is necessary for the government to prove that the defendant believed such individual to be under that age.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Now I will give you more detailed instructions on some of these terms.

"Using a means or facility of interstate commerce" includes using the internet or the telephone.

The government doesn't have to prove that the defendant knew the photographs of his naked penis were legally obscene. It only has to prove that the defendant knew the general sexual nature of the photographs. So if you find beyond a reasonable doubt that the defendant sent the photographs using a means or facility of interstate commerce and knew what it was, in other words, knew about the photographs' general sexual nature, and if you find that the photographs were legally obscene, as I'll shortly define that word for you, then you may find that the defendant knew the photographs were obscene.

15

Freedom of expression is a constitutional right that is fundamental to our system, and we all enjoy it. It has contributed much to the development and well-being of our free society. In exercising this right, sex may be portrayed and the subject of sex may be discussed freely and publicly. Material may not be condemned merely because it contains passages or sequences that describe or depict sexual activity. But the constitutional right to free expression doesn't extend to legally "obscene" material.

To prove beyond a reasonable doubt that material is "obscene," the government must prove three things:

(1)     that the material predominantly appeals to prurient interest;

(2)     that it depicts or describes sexual conduct in a patently offensive way; and

(3)     that it lacks serious literary, artistic, political, or scientific value.

First, you must view the photographs as a whole, keeping in mind the intended and probable audience, and decide whether the photographs' predominant theme or purpose is an appeal to the prurient interest of an average person of the community as a whole.

An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, not just an ordinary interest. Viewing the photographs as a whole for the "predominant theme or purpose of the material" means looking for the main or principal focus of the whole work based on its total effect, not on the focus of incidental themes or isolated passages or sequences.

To decide whether the photographs appeal to a morbid, degrading, or unhealthy interest in sex of the "average person of the community as a whole," you must consider the contemporary community standards that would be applied by an average person with an ordinary attitude toward and interest in sex.

16

Contemporary community standards are set by the community as a whole; in other words, what society at large or people in general currently find acceptable or unacceptable. So obscenity is not a matter of individual or personal taste or how the material strikes an individual juror. Rather, whether something is obscene or not depends on what the average person of the community as a whole would think of it.

Second, you must decide whether the photographs depict or describe, in a patently offensive way, sexual conduct such as ultimate sexual acts or masturbation, excretory functions, or lewd exhibition of the genitals. But you must not judge the photographs by your own standards.

You must judge the photographs by contemporary community standards and decide whether the photographs are more than the generally accepted limits of public tolerance and is clearly offensive.

I emphasize that whether photographs appeal to a prurient interest or whether it is patently offensive must be judged by contemporary community standards, not by how the material affects you personally. You must consider the photographs in the same way that an average person in the community, with a normal attitude toward and interest in sex would consider it.

Contemporary community standards are those accepted by the community as a whole; in other words, what society at large or people in general will accept. It does not include what some groups in the community believe the community should accept or refuse to accept.

Third, you must decide whether the photographs lack serious literary, artistic, political or scientific value. An item may portray explicit sexual conduct and still have serious value in one or more of these areas. You must decide whether the photographs in this case have such value. The ideas represented in a work do not need majority approval to be worthy of protection. So for

this decision, you should not use contemporary community standards. Instead, you must objectively decide whether a reasonable person considering the photographs as a whole would find it has or does not have serious literary, artistic, political, or scientific value.

The government must prove all three things before you can decide the photographs are obscene.  If any one of those things is not proved, then the photographs are not obscene within the meaning of the law.

## DEFINITION OF THE CRIME

### Attempted Production of Child Pornography

Count 3 of the indictment charges the defendant with attempting to use, persuade, induce, entice, or coerce a minor under the age of eighteen (18) to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct knowing or having reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce.

### A.  Attempt

For you to find the defendant guilty of attempting to commit the crime in this count, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

<u>First</u>:        That the defendant intended to commit the crime, as explained in detail below.

<u>Second</u>:        That the defendant did some overt act that was a substantial step towards committing the crime.

Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime charged.  But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime.  A substantial step beyond mere preparation is enough.

**B. Production of Child Pornography**

For you to find the defendant guilty of the crime of attempting to use a minor to engage in sexually explicit conduct to produce a visual depiction, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:      That the defendant attempted to use, persuade, induce, entice, or coerce an individual to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct;

Second:   That the defendant believed the individual was under the age of eighteen (18); and

Third:     That the defendant knew or had reason to know that the visual depiction would be transmitted using any means or facility of interstate commerce.

Now I will give you more detailed instructions on some of these terms.

It is not necessary for the government to prove that the individual was in fact less than eighteen (18) years of age; but it is necessary for the government to prove that the defendant believed such individual to be under that age.

"Minor" means any person under the age of 18 years.

A defendant "uses" a minor if he photographs the minor engaging in sexually explicit conduct.

The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions.

The term "sexually explicit conduct" means actual or simulated lascivious exhibition of the genitals or pubic area of a person.  In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's

genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

The term "producing" means not only producing but also making, creating, directing, manufacturing, issuing, publishing, or advertising.

The term "visual depiction" includes data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "means or facility of interstate commerce" includes the internet or the telephone.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

It is not necessary that the government prove that the defendant took the photographs.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## ON OR ABOUT

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crime happened "on or about and between" October 6, 2019 and October 8, 2019.  The government does not have to prove that the crime happened on those exact dates.  But the government must prove that the crime happened reasonably close to that date.

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way to prove a defendant's state of mind directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

24

## DEFENDANT'S ELECTION NOT TO TESTIFY

(1) A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## OPINION TESTIMONY

(1) You have heard the testimony of Dr. James Beggan, who testified as an opinion witness.

(2) You do not have to accept Dr. Beggan's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

(1) You have heard the testimony of Detective Matt Hedden, Sarah McDermott, and Dr. Michael Littrell.  These witnesses testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept Detective Hedden's, Sarah McDermott's, and Dr. Littrell's opinion.  In deciding how much weight to give them, you should consider the witness's qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.

27

## DELIBERATIONS AND VERDICT

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Courtroom Security Officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Courtroom Security Officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

 One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

29

could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Courtroom Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                             Plaintiff

v.                                              Criminal Action No. 3:19-cr-208-RGJ

JOSEPH SAMIR ZAKHARI                                                Defendant

## **VERDICT FORM**

We, the jury, find the defendant, Joseph Samir Zakhari:

As to Count 1, Attempted Online Enticement of a Minor:

GUILTY_____          NOT GUILTY_____


_____        _____
Foreperson                              Juror No.


Date: _____


37

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                            Plaintiff

v.                                               Criminal Action No. 3:19-cr-208-RGJ

JOSEPH SAMIR ZAKHARI                                              Defendant

## **VERDICT FORM**

We, the jury, find the defendant, Joseph Samir Zakhari:

As to Count 2, Attempted Transfer of Obscene Matter to a Minor:

GUILTY_____                    NOT GUILTY_____


_____        _____
Foreperson                                    Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                      Plaintiff

v.                                      Criminal Action No. 3:19-cr-208-RGJ

JOSEPH SAMIR ZAKHARI                                        Defendant

## **VERDICT FORM**

We, the jury, find the defendant, Joseph Samir Zakhari:

As to Count 3, Attempted Production of Child Pornography:


GUILTY_____            NOT GUILTY_____



_____     _____
Foreperson                         Juror No.


Date: _____

39